IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.W. individually and as parent and natural guardian of C.W., a minor,<br>                    **Plaintiffs**<br><br>v.<br><br>**LACKAWANNA COUNTY, PENNSYLVANIA; LACKAWANNA COUNTY CHILDREN CHILDREN AND YOUTH SERVICES; J.D. MILLER; MICHELLE MATAY; ALEXIS TOMS; and T.G.,**<br>                    **Defendants** | No. 3:14cv1610<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court for disposition are the plaintiffs' "Motion To Compel Subpoena and To Amend Subpoena Directed to Luzerne County Children and Youth Services" and Luzerne County Children and Youth Service's (hereinafter "LCCYS") "Motion To Quash Subpoena". The parties have briefed their respective positions, and the matter is ripe for disposition.

Plaintiffs have brought suit against the defendants regarding Minor Plaintiff C.W.'s treatment in foster care. Defendant Lackawanna County Children and Youth Services placed C.W. in a foster care home, which plaintiffs refer to as the G's home. It also placed T.G. in the G.'s home, which was located in Luzerne County, rather than Lackawanna County.

The plaintiffs allege T.G. sexually assaulted C.W. while they were both placed in the G.'s home. C.W. reported the abuse to LCCYS and LCCYS investigated the allegations. Plaintiffs also allege that at the time that T.G. sexually assaulted C.W., he was also sexually assaulting another minor child (hereinafter "other minor child"). The other minor child was living in foster care and was a neighbor of and related to the foster family caring for C.W.

Plaintiffs' complaint alleges a claim of state-created danger/Substantive Due Process Violation, 42 U.S.C. § 1983, against Defendant Lackawanna County Children and Youth Services. Plaintiffs also allege, *inter alia*, unconstitutional policies and customs against Lackawanna County and Lackawanna County Children and Youth Services.

During discovery, plaintiffs served a subpoena *duces tecum* on non-party LCCYS. Plaintiffs's subpoena seeks the following: All documents, including but not limited to notes, case file and videotapes or audiotapes or interviews concerning T.G., C.W. and the "other minor child".

LCCYS filed a motion to quash the subpoena. Plaintiffs filed a motion to compel compliance with the subpoena and to amend the subpoena. The parties have briefed their respective positions, bringing the

case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Legal Standard**

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" FED. R. CIV. P. 45(d)(3)(A)(iii). With regard to such a motion, the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45. See In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234 (E.D. Pa. 2014).

**Discussion**

First, the subpoenaing party, here the plaintiffs, must establish the relevance of the material sought. Plaintiffs allege that the records sought "are likely to lead to evidence which is relevant to plaintiffs' claims

3

regarding T.G.'s assault on C.W. and to establish the defendants' unconstitutional policies, as alleged in the Amended and Supplemental Complaint.  (Doc. 39, Mot. To Compel ¶ 9).  LCCYS does not appear to challenge the relevance of the material.  Thus, the burden shifts to it to establish that the material is privileged or otherwise protected.

LCCYS argues that Pennsylvania's Child Protective Services Law, 23 PA. CONS. STAT. ANN. § 6301 et seq., (hereinafter "CPSL") protects the requested documents from disclosure.  The purpose of the CPSL is "to encourage more complete reporting of suspected child abuse; to the extent permitted by this chapter, to involve law enforcement agencies in responding to child abuse; and to establish in each country protective services for the purpose of investigating the reports swiftly and competently, providing protection for children from further abuse[.]" 23 PA. CONS. STAT. ANN. § 6302(b).

To further these purposes, the law makes certain reports confidential.  These reports are generated due to allegations of abuse.  23 PA. CONS. STAT. ANN. § 6339.  Specifically, the law provides as follows:

> Except as otherwise provided in this subchapter, reports made pursuant to this chapter, including, but not limited to, report summaries of child abuse and written reports made pursuant to section 6313(b) and (c) (relating to reporting procedure) as well as any other information obtained, reports

>    written or photographs or X-rays taken concerning
>    alleged instances of child abuse in the possession
>    of the department or a county agency, shall be
>    confidential.
>
> Id.

Plaintiffs, however, argue the CPSL provides exceptions for when release of such material may be made.  Relevant to the case at bar is the following exception: "At any time and upon written request, a subject of a report may receive a copy of all information, except that prohibited from being disclosed by subsection (c), contained in the Statewide central register or in any report filed pursuant to section 6313 (relating to reporting procedure)." 23 PA. CONS. STAT. ANN. § 6340(b).

Plaintiffs argue that Plaintiff C.W. is the subject of the reports they asked for, therefore, the material is not confidential as to him.  The law defines "Subject of the report" as "[a]ny child, parent, guardian or other person responsible for the welfare of a child or any alleged or actual perpetrator or school employee named in a report made to the Department of Public Welfare or a county agency under this chapter." 23 PA. CONS. STAT. ANN. § 6303.

LCCYS acknowledges the section 6340(b) exception, but argue that they cannot tell whether C.W., while a subject of the report, is the party seeking the documents because the caption of the complaint lists the

plaintiffs as "L.W. individually and as parent and natural guardian of C.W., a minor." As L.W. sues on behalf of C.W. as his parent and natural guardian, we find no merit to this argument.

The capacity to sue is governed by the "law of the individual's domicile." FED. R. CIV. P. 17(b)(1). C.W.'s domicile is Pennsylvania. (Doc. 20, Amended Complaint ¶ 4). Under Pennsylvania law, a minor lacks capacity to sue and "[w]hen a party to an action, a minor shall be represented by a guardian who shall supervise and control the conduct of the action in behalf of the minor." PA. R. CIV. P. 2017. In the instant case, L.W. has sued as parent and legal guardian of C.W. Thus, we find unpersuasive LCCYS's argument that they cannot determine if C.W. seeks the records.

Next, LCCYS argues that release of the material for purposes of a tort action is contrary to the purposes of the CPSL. In support of this position, LCCYS cites to a case that it argues is very similar to the instant case and which found that such reports were confidential, <u>V.B.T. v. Family Services of Western Pennsylvania</u>, 705 A.2d 1325 (Pa. Super. Ct. 1998). In <u>V.B.T.</u>, a child was allegedly physically and sexually molested by a foster child who lived with a neighbor. <u>Id.</u> at 1327. The foster child had been placed in the home by Family Services of Western Pennsylvania, a

6

social services agency who contracted with the county to provide such service. Id. The plaintiffs sued the neighbors and family services for negligence. Id. The Superior Court held that the information from Family Services was confidential under the CPSL. Id. at 1334. We find the instant case distinguishable.

In V.B.T., the abused minor child was not in foster care herself, as the plaintiff in this case was. More important, the Superior Court noted that "the trial court did not articulate any explicit statutory basis for its conclusion that discovery of protected information should be permitted." Id. at 1335. In other words, the trial court did not address section 6340(b), which the plaintiffs rely on in this case. The trial court merely expressed its policy judgment that plaintiffs who were pursuing a cause of action and should not be frustrated by a privilege that crippled their ability to prove their case. Id. In the instant case, the plaintiffs do cite to a statutory basis for its position, the exception to confidentiality found in 23 PA. CONS. STAT. ANN. § 6340(b). Thus, we find V.B.T. to be unpersuasive because it is factually distinguishable from the instant case and it does not address the exception to confidentiality found in section 6340(b).

Plaintiffs, on the other hand, cite to a case that does address section 6340(b), S.M. v. Children and Youth Services of Delaware County, 686

7

A.2d 872 (Pa. Commw. Ct. 1996).  In S.M., a minor, S.M., sued for injuries she received while in a foster home.  She subpoenaed the Children and Youth Services of Delaware County seeking documents related to the foster care provider.  Id. at 874.  The Children and Youth Services agency argued that the material was confidential under the CPSL.  The Commonwealth Court disagreed.  It cited section 6340(b) to indicate that the plaintiff was the subject of the report and thus the material was not confidential.[1]  Id. at 875.

We find the instant case more analogous to S.M. than V.B.T. and will therefore deny LCCYS's motion to quash.  LCCYS has the burden to establish why the material should not be turned over and it has not met that burden.  Thus, we find that section 6340(b) renders the material sought by the plaintiffs to be not confidential.

Additionally, plaintiffs move to expand the subpoena to include the entire foster family file of the G. family.  (Doc. 38, Motion To Compel and Amend Subpoena ¶ 18).  Plaintiffs indicate that such records are relevant

---

[1]The court also cited to two subsections of the Pennsylvania Code that release of the material to the subject of the report, and the child's guardian ad litem; and mandating that information in family case records be released upon request to parents and legal guardians and the childrens' and parents' attorneys.  55 PA. CODE § 3490.91 and 55 PA. CODE § 3130.44(d).

8

to plaintiffs' claims regarding the assault and to establish the defendants' unconstitutional policies. (Id. ¶ 2). LCCYS objects on the basis of V.B.T., *supra.* As previously discussed, we find V.B.T. to be factually different from the instant case and it does not involve the application of section 6340(b). LCCYS has thus not met its burden to establish that the material is confidential and not discoverable. Moreover, plaintiffs' again cite to S.M. where in the court under an analogous factual situation ordered the release of the full foster family case file. S.M., 686 A.2d at 876. Accordingly, we will grant the plaintiff's motion to amend the subpoena.

**Conclusion**

For the reasons set forth above, we find that the plaintiffs' have met their burden of establishing the relevancy of the evidence it seeks with the LCCYS subpoena. LCCYS, however, has not met the burden to establish that the information sought is not discoverable. We will thus grant the plaintiffs' "Motion To Compel Subpoena and To Amend Subpoena Directed to Luzerne County Children and Youth Services" and deny Luzerne County Children and Youth Service's "Motion To Quash Subpoena". An appropriate order follows.

**Date: April 1, 2015**          s/ James M. Munley
                                 **Judge James M. Munley**
                                 **UNITED STATES DISTRICT COURT**