# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.W. INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF C.W., A MINOR, | CIVIL ACTION NO. 3:14-CV-01610 |
| Plaintiff | (MUNLEY, J.) (MEHALCHICK, M.J.) |
| v. | |
| LACKAWANNA COUNTY, PENNSYLVANIA, et al., | |
| Defendants. | |

## MEMORANDUM

At the request of the parties, this Court was asked to resolve a discovery dispute raised at a telephone discovery conference held before this Court on October 19, 2015.[1]

On July 21, 2015, upon joint motion for a protective order, the Court entered an Order directing the Department of Public Welfare ("DPW") to produce records to both parties pertaining to any and all complaints of abuse in foster homes pursuant to 23 Pa. Cons. Stat. § 6340(c). (Doc. 68). The DPW produced those documents to Plaintiffs and Defendants. However, upon producing those documents, DPW realized that it inadvertently submitted unredacted copies of those records and thus, requested Plaintiffs to return those records to it. DPW now argues that Plaintiffs are not entitled to those documents even in redacted form.

---

[1] Given the sensitive nature of this case and the parties' extensive familiarity with the background and procedural history, the Court forgoes a detailed summary of this litigation for purposes of this Memorandum, opting instead to include only those facts relevant to the instant discovery disputes.

Plaintiffs have not returned the documents, but counsel has sequestered the records until such time as the Court can resolve whether Plaintiffs are entitled to those records.

Upon hearing from the parties, the Court has distilled this discovery dispute into two primary issues requiring resolution: (1) whether DPW should be required to produce copies of any and all records pertaining to child abuse in foster homes to Plaintiffs; and (2) whether Plaintiffs are entitled to unredacted copies of the records pertaining to Plaintiff, the subject of this litigation.

## I.  DISCLOSURE OF ALL INVESTIGATIVE REPORTS OF CHILD ABUSE IN FOSTER HOMES

Plaintiffs seek the production of any and all records pertaining to complaints of child abuse in foster homes, as such records are relevant to their *Monell* liability claims. DPW objects to the disclosure of such records on the basis that the Child Protective Services Law ("CPSL"), 23 Pa. Cons. Stat. § 6340 , mandates that reports of child abuse be preserved, and provides that such reports be made available only to a limited number of persons, among whom are the subject of any report. Specifically, DPW argues that the only potentially relevant exception to the general rule of confidentiality under 23 Pa. Cons. Stat. § 6340, which allows for disclosure of the confidential record to a court of competent jurisdiction pursuant to a court order or subpoena *in a criminal matter* involving a charge of child abuse, does not apply in this matter, as the materials are not sought in the context of a criminal matter. Thus, DPW suggests that investigative files are not subject to production pursuant to the CPSL. Alternatively, DPW contests the production of these investigative files because they concern child abuse victims and perpetrators who are not parties to the instant litigation. In support of its position, DPW argues that disclosure of the investigative reports would frustrate the purpose of the CPSL, which is "to encourage more complete reporting of suspected child abuse," as the confidentiality provisions

contained within the CPSL are designed to protect third-party interests, namely the welfare of children, and to encourage witnesses to file child abuse reports.

Arguments similar to the ones made by DPW were made by Lackawanna County Children Youth Services in *Pearson v. Miller*, 211 F.3d 57 (3d Cir. 2000). In that case, the Third Circuit Court of Appeals held that while there is a compelling interest of the state in maintaining various agency records as confidential, and that "a federal court 'may see fit for special reasons to give the law of a particular state highly persuasive or even controlling effect . . . . its decision turns upon the law of the United States, not that of any state.'" *Pearson*, 211 F.3d at 67 (quoting *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 471 (1942)) (emphasis omitted). Thus, as "discovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the state statutory confidentiality provision[ ] that h[as] been invoked by [DPW] . . . do[es] not directly govern the present dispute." *Pearson*, 211 F.3d at 61.

The framework for determining the scope of allowable discovery for cases in federal courts is provided by Rule 26 of the Federal Rules of Civil Procedure. Rule 26 provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Thus, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson*, 211 F.3d at 65.

As noted by the Third Circuit, the CPSL does not contain the word "privilege." Rather, it deals primarily with "confidentiality." "Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts." *Pearson*, 211 F.3d at 68. Thus, the Third Circuit in *Pearson* rejected the request for

federal recognition of an evidentiary privilege derived from the CPSL under which appellants sought protection from discovery, as the asserted privilege did not "promote sufficiently important interests to outweigh the need for probative evidence." *Pearson*, 211 F.3d at 69 (quoting *Trammel v. United States,* 445 U.S. 40, 51 (1980)). Rather, the Third Circuit found that "[a] more apt approach to the resolution of this dispute [should] focus less on the letter of the Pennsylvania statutes than on an accommodation of [Plaintiffs'] legitimate discovery interests with the legitimate interests of third parties in the confidentiality of portions of the requested material." *Pearson*, 211 F.3d at 73.

In carefully considering the principles stated in *Pearson*, specifically with respect to the relationship between state confidentiality provisions and federal discovery requirements, the Court finds that Plaintiffs have met their burden of establishing the relevancy of the evidence they seek with the disclosure of all files pertaining to child abuse in foster homes. Thus, the CPSL confidentiality provisions do not shield Plaintiffs from the discovery of the investigative records pertaining to child abuse in foster homes at this stage in the litigation, as Plaintiffs are merely interested in developing any potential *Monell* claims. However, DPW has raised a meritorious argument with respect to permitting no greater release of the information sought by Plaintiffs than is absolutely necessary for the particular purposes of developing their *Monell* liability claims. Specifically, DPW argues that development of Plaintiffs' *Monell* claims do not require the disclosure of specific identifying information at this juncture. Hence, the Court finds that the issuance of a protective order is particularly appropriate in a case such as this, in order to preserve the confidentiality of individuals not parties to this litigation. Indeed, where such discoverable material contains sensitive information, Rule 26(c) authorizes a federal judge to issue a protective order imposing certain restrictions on the manner and extent of discovery to

"protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). As acknowledged at the telephone conference, Plaintiffs would not object to the redaction of any identifying information from those investigative reports so long as they are able to follow the narrative of each report without those identifying characteristics. The Court finds this request to be sensible, as it would maintain the confidentiality of those child abuse victims and perpetrators not subject to this litigation while not interfering with Plaintiffs need for the investigative reports to develop her case.

Accordingly, as Plaintiffs have established the relevance of the material sought, the Court will order the disclosure of such records, but will require DPW to redact the investigative file with respect to specific names of the reporting sources, child victims and perpetrators.

## II.   DISCLOSURE OF RECORDS PERTAINING TO C.W.

Plaintiffs argue that Plaintiff C.W. is the subject of the reports they asked for and thus, the material is not confidential as to him.  While the CPSL protects from disclosure certain confidential information, "including but not limited to, report summaries of child abuse and written reports made pursuant to section 6313(b) and (c) (relating to reporting procedure) as well as any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse in the possession of the department or a county agency," the law likewise provides for an exception that allows for disclosure of such information to individuals who are  the subject of the report. Indeed, the "subject of a report may receive a copy of all information, except that prohibited from being disclosed by subsection (c) [providing for redaction of the reporting source], contained in the Statewide central register or in any report filed pursuant to section 6313 (relating to reporting procedure)." 23 Pa. Cons. Stat. Ann. § 6340(b). "Subject of the report" is defined as "[a]ny child, parent, guardian or other

person responsible for the welfare of a child or any alleged or actual perpetrator or school employee named in a report made to the Department of Public Welfare or a county agency under this chapter." 23 Pa. Cons. Stat. Ann. § 6303.

Accordingly, Plaintiffs are entitled to the unredacted records pertaining to C.W., subject only to the relevant redaction set forth in 23 Pa. Cons. Stat. Ann. § 6340(c).

## III.  CONCLUSION

Based on the foregoing, the Court makes the following rulings with respect to the outstanding discovery issues in this case:

1. Plaintiffs will be required to return the sequestered documents to DPW within seven (7) days of the date of this Order;

2. Within fourteen (14) days of receiving the sequestered documents, DPW will be required to produce copies of the investigative files to Plaintiffs' counsel that redacts from those records the identifying characteristics of the reporting sources, the child victims, and alleged perpetrators. Should Plaintiffs' counsel be unable to follow the narrative of the investigative files without the identifying information, Plaintiffs' counsel may address the issue with the Court at that time.[2]

---

[2] As Plaintiffs have not indicated that they wish, at this juncture, to contact or depose specific individuals referenced in those investigative files, the Court will defer any ruling with respect to the disclosure of the identifying information of those individuals at this time.

3. DPW will also be required to produce copies of any investigative files pertaining to C.W., subject to 23 Pa. Cons. Stat. Ann. § 6340(c), within fourteen (14) days of receipt of the sequestered files from Plaintiffs.

An appropriate Order follows.


**Dated: October 22, 2015**                    *s/Karoline Mehalchick*
                                               **KAROLINE MEHALCHICK**
                                               **United States Magistrate Judge**